O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order GRANTING Defendants Centrum Associates LLC's, DAZ Holdings LLC's, and DAZ Vineyards LLC's Motion to Dismiss [61] (Filed 01/26/09)**

**Order DENYING Defendants John Zahoudanis's and Sandra Zahoudanis's Motion to Dismiss [63] (Filed 01/26/09)**

I.    INTRODUCTION

   Plaintiff's original complaint, filed on October 1, 2008, contained claims for the following: (1) fraudulent transfer, (2) conspiracy, and (3) violations of the Racketeer Influenced and Corrupt Organizations Act. On December 23, 2008, this Court issued an order ("2008 Order") addressing Defendants' separate Motions to Dismiss. The Court granted Defendants Centrium Associates, LLC's, DAZ Vineyards, LLC's, and DAZ Holdings, LLC's (collectively, "Corporate Defendants") Motion, leaving no surviving claims against them. Defendants John Zahoudanis's ("John Z.") and Sandra Zahoudanis's ("Sandra Z.") Motion was granted in part and denied in part, leaving only the fraudulent transfer and conspiracy claims against them. Defendant Constantine Zahoudanis's ("Constantine Z.") Motion was also granted in part and denied in part, leaving only the fraudulent transfer claim against him. Defendant Demetria Hayward's Motion was granted, leaving no surviving claims against her.

   Plaintiff's First Amended Complaint ("FAC"), filed on January 13, 2009, re-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

alleges fraudulent transfer and conspiracy against John Z. and Sandra Z., (collectively, "Individual Defendants"), and, asserting an alter ego theory, alleges the same against the Corporate Defendants.[1] The Individual Defendants and Corporate Defendants filed separate Motions to Dismiss the FAC on January 26, 2009.

For the reasons stated below, Centrium Associates, LLC's, DAZ Vineyards, LLC's, and DAZ Holdings, LLC's Motion to Dismiss is GRANTED. Defendants John Zahoudanis's and Sandra Zahoudanis's Motion to Dismiss is DENIED.

II.  DISCUSSION

A.  **Legal Standard**

A motion to dismiss a claim under Federal Rules of Civil Procedure 12(b)(6) is granted when the plaintiff fails to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of the pleading. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). If the "factual allegations do not raise the 'right to relief above the speculative level,'" then the complaint may be dismissed. *San Diego Minutemen v. Cal. Dept. of Transp.*, 570 F. Supp.2d 1229, 1235 (S.D. Cal. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

A district court considering a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 127 S. Ct. at 1969 (2007) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, the allegations of the complaint "should be construed favorably to the pleader." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

Further, "[i]n alleging fraud or mistake, a party must state with particularity the

---

[1] The FAC also re-alleges fraudulent transfer against Defendant Constantine Z., and as Constantine Z. did not file a Motion to Dismiss the FAC, the this claim against him remains. The FAC did not allege any additional claims against Demetria Hayward, and as such she is no longer a party to this case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has held that Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *see also Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir.1977); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir.1973). In order to provide the required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

### B. Analysis

#### 1. *First Cause of Action: Fraudulent Transfer*

In its 2008 Order, this Court found that Plaintiff pled sufficient facts to survive Defendants John Z.'s and Sandra Z.'s Motion to Dismiss as to the fraudulent transfer claim. Accordingly, John Z.'s and Sandra Z.'s Motion to Dismiss as to the fraudulent transfer claim were denied.[2] The amendments to the complaint do not change this conclusion. Therefore, John Z.'s and Sandra Z.'s Motion to Dismiss is DENIED as to the fraudulent transfer claim.

Plaintiff's FAC also seeks to add the Corporate Defendants to the fraudulent transfer claim under an alter ego theory. Plaintiff asserts that "there exist[s] a unity of interest between [the Individual Defendants] and [the Corporate Defendants] . . . such that any individuality and separateness . . . [does not] exist." (FAC ¶ 15(a).) The Corporate Defendant's Motion to Dismiss alleges that the alter ego theory is inapplicable to the factual scenario here. For the following reasons, the Court agrees with the Corporate Defendants.

While the Ninth Circuit has addressed a traditional alter ego relationship, which

---

[2] The Court granted Plaintiff leave to cure a formatting error as to the fraudulent transfer claim, which has been corrected.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

imposes a corporation's liabilities on an individual shareholder, it has not specifically ruled on the situation at hand, i.e. whether an outside creditor can impose liability on a corporation for its shareholders' or managers' debts. *See S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). The Ninth Circuit, however, has instructed federal courts to "apply the law of the forum state in determining whether a corporation is an alter ego of an individual." *Id.* As such, this Court applies the California Court of Appeal's analysis on this issue.

In a recent and thorough opinion, the California Court of Appeal identified three ways to pierce the corporate veil. *See Postal Instant Press, Inc. v. Kaswa, Corp.*, 162 Cal. App. 4th 1510, 1518 (Ct. App. 2008). The first and most traditional manner to pierce the corporate veil occurs when a "shareholder [is] held liable for the debts or conduct of the corporation." *Id.* Second, "[s]ome courts recognize the corporate veil may be pierced in reverse so that a corporation may be held liable for the debts or conduct of a shareholder." *Id.* Typically, reverse piercing involves a "corporate insider . . . attempting to pierce the corporate veil from within so that the corporate entity and the individual will be considered one and the same." *Id.* This is referred to as "[i]nside reverse piercing." *Id.* The third "sometimes called 'outside' or 'third party' reverse piercing, occurs when a third party outsider seeks to reach corporate assets to satisfy claims against an individual shareholder." *Id.*

Although Plaintiff attempts to apply an alter ego theory,[3] the instant factual scenario calls for application of the outside reverse piercing theory. Plaintiff, a third

---

[3] Plaintiff cites to *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601 (Cal. 1985), claiming that *Mesler* is controlling with regards to outside reverse piercing. In *Mesler*, the California Supreme Court stated that "[w]hen [the corporate statutory privilege] is abused it will be disregarded and the corporation looked at as a collection or association of individuals, so that the corporation will be liable for acts of the stockholders or the stockholders liable for acts done in the name of the corporation." While this essentially implies a "bidirectional alter ego doctrine", (Pl.'s Opp. To Def.'s Mot. To Dismiss 6.), it does not specifically address outside reverse piercing. The California Court of Appeal spoke directly to *Mesler*, stating that "*Mesler* was a traditional alter ego case, not a reverse piercing case, and therefore does not compel us to accept reverse piercing." *Postal Instant Press, Inc.*, 162 Cal App. 4th at 1519. Further, the *Postal* court noted that "[w]hether to accept or reject the [outside reverse piercing] doctrine [was] an issue of first impression in this state." *Id.* at 1518.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

party creditor, seeks to pierce the corporate veil from the outside, attempting to have the Corporate Defendants satisfy the claims against the Individual Defendants. As the California Court of Appeal notes: "standard alter ego and outside reverse piercing are actually different theories." *Id.* at 1524. As a result, the Court will discuss California's stance on outside reverse piercing.

"[O]utside reverse piercing is a radical and problematic change in standard alter ego law." *Postal Instant Press, Inc.*, 162 Cal App. 4th at 1521. While reverse piercing and the traditional alter ego doctrine have similar goals, the doctrines achieve those goals in a very different manner. *See id.* at 1522. "Traditional piercing of the corporate veil is justified as an equitable remedy when the shareholders have abused the corporate form to evade individual liability, circumvent a statute, or accomplish a wrongful purpose." *Id.* Outside reverse piercing does not seek to remedy the misuse of the corporate form to shield the individual shareholder. *See id.* at 1523. "Rather, the issue addressed by outside reverse piercing is the shareholder's transfer of personal assets to the corporation to shield the assets from collection by a creditor of the shareholder. In other words, outside reverse piercing seeks to protect the judgment creditor from the shareholder's fraudulent transfer of assets to the corporation." *Id.* While some courts have applied outside reverse piercing, California courts recognize that such a remedy is "an unacceptable shortcut"[4] because "conversion and fraudulent conveyance already afford

---

[4] In rejecting outside reverse piercing, the California Court of Appeal adopted the Tenth Circuit's reasoning in *Cascade Energy and Metals v. Banks,* 896 F.2d 1557, 1577 (10th Cir. 1990). The Tenth Circuit identified three significant problems with the doctrine. "First, [outside] reverse piercing 'bypasses normal judgment-collection procedures, whereby judgment creditors attach the judgment debtor's shares in the corporation and not the corporation's assets.' Second, . . . to the extent that the corporation has other non-culpable shareholders, they obviously will be prejudiced if the corporation's assets can be attached directly. In contrast, in ordinary piercing cases, only the assets of the particular shareholder who is determined to be the corporation's alter ego are subject to attachment." *Postal Instant Press*, 162 Cal. App. 4th at 1520 (citing *Cascade,* 896 F.2d at 1577). Third, "recognized legal remedies adequately protected creditors from fraud." *Id.* Thus, "more traditional theories of conversion, fraudulent conveyance of assets, respondeat superior and agency law are adequate to deal with situations where one seeks to recover from a corporation for the wrongful conduct committed by a controlling stockholder without the necessity to invent a new theory of liability." *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

judgment creditors [an adequate remedy]." *Id.* As this Court must apply California law, it must reject application of the outside reverse piercing doctrine in this case.

The Court therefore concludes that Plaintiff's outside reverse piercing theory, alleged as an alter ego theory, fails as a matter of law. Accordingly, the Corporate Defendants' Motion to Dismiss is GRANTED as to the fraudulent transfer claim.

*2.     Second Cause of Action: Conspiracy*

Plaintiff's second cause of action alleges conspiracy against Defendants John Z., Sandra Z., and the Corporate Defendants. In its 2008 Order, this Court found that Plaintiff pled sufficient facts to survive Defendants John Z.'s and Sandra Z.'s Motion to Dismiss as to the conspiracy claim. The amendments to the complaint do not change this conclusion. Accordingly, John Z.'s, Sandra Z.'s Motion to Dismiss is DENIED as to the conspiracy claim.

With regard to the Corporate Defendants' Motion to Dismiss, Plaintiff's alter ego theory fails for the same reasons discussed above. Therefore, Plaintiff has pled insufficient facts to sustain a conspiracy claim against the Corporate Defendants. Accordingly, the Corporate Defendants' Motion to Dismiss is GRANTED as to the conspiracy claim.

///
///
///

III.    CONCLUSION

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-06467 ODW (ANx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | Robert E. Greiling Jr. v. John Zahoudanis, *et al.* | | |

    For the foregoing reasons, Defendants John Zahoudanis's and Sandra Zahoudanis's Motion to Dismiss is DENIED as to both the fraudulent transfer and conspiracy claims. Defendants Centrium Associates, LLC's, DAZ Vineyards, LLC's, and DAZ Holdings, LLC's Motion to Dismiss is GRANTED without leave to amend.

    IT IS SO ORDERED.

                                                                                       -- : 00

Initials of Preparer     RGN